IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HAROLD EUGENE BELL, ) <br> ) <br> Defendant. ) | Case No. CR-96-84-D <br> (Case No. CIV-16-377-D) |

**<u>O R D E R</u>**

Before the Court is Defendant's Motion to Vacate, Set Aside or Correct Sentencing Pursuant to 28 U.S.C. § 2255 [Doc. No. 346]. Defendant, who appears through counsel, seeks relief from a mandatory sentence of life imprisonment imposed pursuant to 21 U.S.C. § 841(b)(1)(A), due to a recent change in state law that affects the prior felony convictions on which his enhanced sentence was based. The change came through a California voter initiative, known as Proposition 47, which provided a mechanism for reclassifying certain felony drug convictions as misdemeanors. Defendant submits papers showing he obtained relief under Proposition 47, codified in California Penal Code § 1170.18, and three felony convictions for cocaine possession were reduced to misdemeanor offenses on April 21, 2015. On that date, a California court held a resentencing hearing in each of Defendant's three prior drug cases, and ordered Defendant's felony sentence "recalled and set aside," even though it had already been completed, and imposed "a misdemeanor sentence" in its place. *See* Def.'s Mot., Ex. B [Doc. No. 346-2], pp.5, 10, 15 (ECF page numbering). These same three

felony convictions formed the basis for enhancement of Defendant's prison sentence in this case by the sentencing judge, Honorable Ralph G. Thompson, who imposed a mandatory life sentence on May 1,1997.

The government has responded in opposition to the Motion, arguing only that Defendant's § 2255 claim lacks merit. The government does not disagree with Defendant's position that his Motion is not a second or successive motion, subject to the requirements of § 2255(h), because the factual basis for relief did not previously exist. *See In re Weathersby*, 717 F.3d 1108, 1111 (10th Cir. 2013) (if state convictions used to enhance a federal sentence were vacated after defendant's first § 2255 proceeding was concluded, a new § 2255 claim based on the vacatur was not "second or successive" under § 2255(h)). The government also does not disagree with Defendant's assertion that the Motion was timely filed within one year after the claim arose. *See* 28 U.S.C. § 2255(f)(4). Based on the government's implicit concession that these procedural prerequisites are met, the Court proceeds directly to consideration of the merits of Defendant's § 2255 Motion.

The United States Court of Appeals for the Ninth Circuit has determined that the type of § 2255 claim asserted by Defendant in this case lacks merit. *See United States v. Diaz*, No. 10-50029, 2016 WL 5121765 (9th Cir. Sept. 21, 2016) (to be published). In *Diaz*, the argument presented by a defendant, Jesse Vasquez, was summarized by the Ninth Circuit as follows: "Vasquez argues that because he successfully petitioned in 2014 to have his 1986 conviction re-designated as a misdemeanor, that conviction no longer counts as a prior felony conviction for purposes of § 841." *Diaz*, 2016 WL 5121765 at *2. In rejecting the argument,

the Ninth Circuit held "that Proposition 47 does not change the historical fact that Vasquez violated § 841 'after two or more prior convictions for a felony drug offense [had] become final.'" *Id*. at *1 (quoting 21 U.S.C. § 841(b)(1)(A)). Relying on the plain language of the statute and its "backward looking" provision defining what triggers a sentence enhancement, the court reasoned that "California's actions – taken long after Vasquez's state conviction became 'final' – have no bearing on whether § 841's requirements are satisfied." *Id*. at *2-3.

The court also relied, in part, on the Tenth Circuit's decision in *United States v. Dyke*, 718 F.3d 1282 (10th Cir. 2013), which reached a similar conclusion regarding a different type of change in a prior conviction. Quoting *Dyke*, 718 F.3d at 1292, the Ninth Circuit stated: "[A] state making a change to a state conviction, after it has become final, 'does not alter the historical fact of the [prior state] conviction' becoming final – which is what § 841 requires. Even where a state has fully eradicated a predicate state conviction by dismissing or expunging it – a more drastic change than merely reclassifying it as a misdemeanor – 'as a matter of plain statutory meaning, there [is] . . . no question' the defendant committed his crime '*after a* [prior state felony] *conviction*' has become final.'" *Diaz*, 2016 WL 5121765 at *3 (citation omitted, alterations by the court in *Diaz*, emphasis in *Dyke*).

The Ninth Circuit summarized its decision as follows:

> As we have explained, § 841 explicitly tells us when it applies: When a defendant (1) commits a federal drug offense (2) after being convicted of two or more felony drug offenses that have "become final." 21 U.S.C. § 841(b)(1)(A). There is no doubt Vasquez committed a federal drug offense, nor is there any doubt his state felony convictions "have become final."

3

>   We thus hold that California's Proposition 47, offering post-conviction relief by reclassifying certain past felony convictions as misdemeanors, does not undermine a prior conviction's felony-status for purposes of § 841. California's later actions cannot change the fact that Vasquez committed his federal offense "after two or more convictions for a felony drug offense [had] become final."

*Id*. at *4-5.

In light of this authoritative decision by the federal court of appeals for the judicial circuit that encompasses California, which is fully consistent with case authority from the court of appeals whose decisions are binding on this Court, the Court finds no merit in Defendant's § 2255 claim based on a 2014 change in California law that allowed his prior felony drug convictions to become misdemeanors.[1] This reclassification of Defendant's predicate convictions, although entitled to retroactive effect under state law, does not alter the fact that his federal sentence was imposed in 1997 based on his commission of a federal drug offense after three felony drug convictions had become final.

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate, Set Aside or Correct Sentencing Pursuant to 28 U.S.C. § 2255 [Doc. No. 346] is DENIED.[2] Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability

---

[1] Defendant concedes that *Diaz* is indistinguishable, but he argues that it is not binding authority and was wrongly decided. *See* Def.'s Reply Br. [Doc. No. 349], pp.3-4.

[2] No evidentiary hearing is needed where, as here, the existing record conclusively shows the defendant is not entitled to relief. *See United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); 28 U.S.C. § 2255(b).

4

("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case. The court of appeals recently determined in *United State v. McGee*, 625 F. App'x 847 (10th Cir. 2015), that a § 2255 claim like Defendant's – based on Proposition 47's reduction of felony drug convictions to misdemeanors – did not involve the denial of a constitutional right, but the construction and application of 21 U.S.C. § 841, and did not provide a basis for a COA regarding the denial of relief under § 2255. *Id*. at 851. In light of *McGee*, the Court is persuaded that Defendant's § 2255 claim does not satisfy the criteria for issuance of a COA. Therefore, a COA is denied, and the denial shall be included in the judgment.

IT IS SO ORDERED this 28th day of October, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE